CRISOGANO RODRIGUEZ V. THE STATE.

No. 9482.   Delivered November 6, 1925.

1.—Carrying Pistol—Jurisdiction—Of County Court—Sustained.

Where a transcript shows that the indictment in a cause was returned into the District Court, and numbered 39, transferred to the County Court and numbered 48, this difference in the numbering would not affect the validity of the indictment, and the jurisdiction of the County Court.

2.—Same—Bill of Exception—Not Sufficient—No Error Shown.

Where a bill of exception complains that six of the jurors tendered him on the trial were challenged by him for the reason that they had sat on a jury which tried a companion case in which the evidence was the same as in this case, but does not contain a certified statement that the evidence in the two cases was the same, presents nothing to us for review.

Appeal from the County Court of Willacy County.  Tried below before the Hon. W. H. Mead, Judge.

Appeal from a conviction of unlawfully carrying a pistol, penalty a fine of $100.00.

*Decker & Robinson*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully carrying a pistol.  Punishment was assessed at a fine of $100.00.

Appellant questions the jurisdiction of the County Court setting up in his plea (a) that it appears from the indictment that it was never filed in the District Court, but was presented and filed in the County Court; (b) that the pretended transcript from the District Court shows no such indictment was presented in said court, and if it was so presented the minutes fail to show that said indictment was given a file number as required by Art. 446, C. C. P.; (c) that the indictment is numbered 48 while the transcript of the District Court minutes shows it to be numbered 39.

We think none of such averments can be sustained from the record. The transcript of the District Court minutes shows that the grand jury returned into the District Court an indictment against this defendant, naming him; the order of transfer shows that the indictment against this defendant, again naming him, was given the number of 39 in said District Court. After reaching the county court it was there given the number 48, and the case proceeded through the trial under that number. The judgment of conviction is endorsed, "Dis. 39, County 48, State of Texas v. Crisogano Rodriguez. Judgment of the court." We think because the endorsement on the back of the indictment indicates that the clerk of the District Court failed to place his file mark on it is immaterial. That could be only evidentiary of the fact that it was presented in said court, and this fact is definitely shown by the recitals in the indictment and the minutes of the District Court. The variance in dates as shown by the minutes and file marks we regard as not controlling. To our mind the record shows this identical indictment to have been returned into the District Court, and by it transferred to the County Court.

No error is shown in the bill complaining of the refusal of the court to stand aside six named jurors who had tried and found guilty another party. The bill shows that counsel for appellant stated that the evidence in this case would be the same as in the other. Counsel's statement may have been true, but it was only his ground of objection to the jurors, and would not supply a certified statement (which is absent from the bill) that the evidence in the two cases was the same. In no other way does the bill show this to have been the fact.

Finding the evidence sufficient to support the judgment, the same is ordered affirmed.

*Affirmed.*